**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TRAVIS D. REAY,

          Petitioner - Appellant,

  v.

A. K. SCRIBNER, Warden; EDMUND G. BROWN, Jr., Attorney General for the State of California,

          Respondents - Appellees.

No. 08-15973

D.C. No. 2:02-cv-02067-GEB-DAD

MEMORANDUM [*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted February 8, 2010
San Francisco, California

Before: GOODWIN, BERZON and IKUTA, Circuit Judges.

     Travis Reay appeals the denial of his petition for writ of habeas corpus.

Reay was convicted by a jury in California of first-degree murder with an

enhancement for personal use of a weapon. Because his petition is subject to the

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Anti-Terrorism and Effective Death Penalty Act of 1996, claims that a state court has denied on the merits may not result in federal habeas relief unless the state court's ruling (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). We affirm.

Denial of Reay's motion to sever trial from that of his wife and co-defendant, Nettie Reay, did not violate Reay's due process rights. Denial of a motion to sever trial violates due process "only if there is a serious risk that a joint trial would compromise a specific right of one of the defendants, or prevent a jury from making a reliable judgement about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Here, the domestic violence evidence was far less strong and graphic than the evidence implicating Reay in the killing, and any prejudice was lessened by the trial court's instructions to the jury that it was to use the domestic violence evidence for proper purposes. Additionally, there was other properly admitted evidence of domestic violence, as well as evidence from other eyewitnesses who essentially corroborated Nettie Reay's testimony about Reay's involvement in the murder, so any prejudicial impact of the joint trial was further

2

lessened. The California Court of Appeal's conclusion that Nettie Reay's duress defense did not unfairly prejudice Reay was neither contrary to nor an unreasonably application of federal law.

Nor was Reay denied a fair trial because of a juror's failure to disclose childhood experiences with domestic violence and violent discipline. On receiving allegations of the juror's actual bias, the trial court properly held a hearing, *see Smith v. Phillips*, 455 U.S. 209, 215 (1982), and concluded that the juror had answered voir dire questions honestly and could act impartially. Given that honest yet mistaken answers to voir dire questions rarely amount to constitutional violations, and even dishonest answers may not be fatal if a juror can act impartially, *see McDonough Power Equip. v. Greenwood*, 464 U.S. 548, 555-56 (1984), we cannot say that the California Court of Appeal erred in upholding that decision. Nor is this an exceptional circumstance warranting a finding of implied bias. *See Dyer v. Calderon*, 151 F.3d 970, 980-81 (9th Cir. 1998) (en banc); *see also McDonough*, 464 U.S. at 556-57 (Blackmun, Stevens and O'Connor, JJ., concurring); *id.* at 558 (Brennan and Marshall, JJ., concurring in the judgment); *Phillips*, 455 U.S. at 222 (O'Connor, J., concurring).

Reay's ineffective assistance of counsel, evidentiary, and prosecutorial misconduct claims to do not rise to the level of constitutional violations. Reay has

not provided grounds for federal habeas relief by claiming actual innocence based on newly-discovered evidence, *see Herrera v. Collins*, 506 U.S. 390, 400 (1993), or that the state court improperly denied his motion for state habeas counsel, *see Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Because none of Reay's claims merit habeas relief, *a fortiori*, the state court's rejection of each of these claims was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent.

AFFIRMED.